**FILED**
**DECEMBER 14, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

_____

| | |
|---|---|
| CORNERSTONE ARCHITECTS, LTD., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> LAKELAND DEVELOPMENT GROUP, INC.,) <br> ERIC W. BAUMGART, and ) <br> JOHN E. DETHMER, ) <br> ) <br> ) <br> Defendants. ) | Civil Action No.: <br><br> **07 C 7043** <br><br> **JUDGE DARRAH** <br> ~~MAGISTRATE JUDGE ASHMAN~~ |

_____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT,
CONTRIBUTORY COPYRIGHT INFRINGEMENT,
VICARIOUS COPYRIGHT INFRINGEMENT, AND
BREACH OF CONTRACT**

**Parties**

1.  Plaintiff, Cornerstone Architects, Ltd., is an Illinois corporation with its principal place of business at 1152 Spring Lake Drive, Itasca, Illinois 60143 (hereinafter "Cornerstone").

2.  On information and belief, Defendant, Lakeland Development Group, Inc., is an Illinois corporation with its principal place of business at 2800 West Higgins, Suite 675, Hoffman Estates, Illinois 60195 (hereinafter "Lakeland").

3.  On information and belief, Defendant, Eric W. Baumgart, is an individual residing at 301 Ridge Road, Barrington, Illinois 60010 (hereinafter "Baumgart").

4.  On information and belief, Defendant, John E. Dethmer, is an individual residing at 9647 Wooded Path Drive, Palos Hills, Illinois 60465 (hereinafter "Dethmer").

## Jurisdiction and Venue

5. This Court has jurisdiction by virtue of the fact that: (1) this is an action arising under the Copyright Laws of the United States, 17 U.S.C. §§ 501, *et seq.*, jurisdiction being conferred in accordance with 28 U.S.C. § 1338; and (2) Plaintiff's state law claims are joined and related pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

## Facts

7. Cornerstone is an architectural firm that creates architectural drawings, elevations, renderings, and other related documents.

8. On information and belief, Lakeland is a business engaged in land acquisition, community planning, land development, and residential design, marketing, and construction.

9. On information and belief, Baumgart is a registered architect and a principal of Lakeland.

10. On information and belief, Dethmer is a trained architect and a principal of Lakeland.

11. In 2005, Cornerstone contracted with Lakeland for the creation of an exterior building design for a condominium and performing arts center development to be located in Algonquin, Illinois, as well as for creation of the exterior design, interior floor plans, elevations, and computer rendering of a condominium building to be located in Algonquin, Illinois.

12. In accordance with its contractual obligations, Cornerstone created plans, elevations and computer renderings for the performing art center. Cornerstone also created a

floor plan, elevations, and site plans for the condominium complex to be located in Algonquin, Illinois (the "Copyrighted Work").

13. Cornerstone created the Copyrighted Work, which is an original work of authorship.

14. Cornerstone's copyright in the Copyrighted Work has been registered with the United States Copyright Office, Certificate No. VAU743859.

15. Cornerstone has not licensed or otherwise authorized anyone to construct buildings based on the Copyrighted Work or to reproduce or create derivatives of the Copyrighted Work.

16. Lakeland's ability to use the Copyrighted Work was and is limited by its contractual obligations to Cornerstone.

17. To date, Lakeland has not made complete payment to Cornerstone as contractually required.

18. Lakeland is currently constructing and marketing condominiums (the "Algonquin Condos") that are copies or derivatives of the Copyrighted Work (hereinafter the "Infringing Copies").

19. On September 5, 2007, Cornerstone sent a letter to Lakeland demanding that Lakeland remedy its breach of contract, cease and desist from infringing the Copyrighted Work, and provide Cornerstone with a full accounting of its revenues and profits relating to its use of the Copyrighted Work.

20. Lakeland has refused to respond to Cornerstone, has not cured its breach of contract, has not ceased its infringing activities in connection with the Copyrighted Work, and

has not provided Cornerstone with an accounting of its revenues and profits relating to its use of the Copyrighted Work.

21.     On information and belief, Baumgart and Dethmer each have and have had knowledge of all of Lakeland's activities, including all of its activities described above.

22.     On information and believe, Baumgart and Dethmer each have and continue to personally direct, induce, cause, or materially contribute to all of Lakeland's activities, including all of its activities described above.

23.     On information and belief, Baumgart and Dethmer each have and have had a direct financial interest in Lakeland's activities, including all of its activities described above.

24.     On information and belief, Baumgart and Dethmer each have and have had the right or the ability to supervise and control Lakeland's activities, including all of its activities described above.

**COUNT I**
**Copyright Infringement Under § 501 of the United States Copyright Act**

25.     Cornerstone re-alleges paragraphs 1 through 24 as though fully set forth herein.

26.     Lakeland's unauthorized copying and use of a design identical to or substantially similar with the Copyrighted Work in connection with the Algonquin Condos constitutes copyright infringement of Cornerstone's rights in violation of the Copyright Laws of the United States, 17 U.S.C. § 501.

27.     By reason of Lakeland's acts as above alleged, Cornerstone has suffered and will continue to suffer damage and injury to its business and reputation, and will sustain serious losses of revenues and profits.  Cornerstone has already suffered monetary damages in an indeterminate amount.

28. Lakeland's infringement of the Copyrighted Work greatly and irreparably damages Cornerstone and will continue to damage Cornerstone unless restrained by this Court; wherefore, Cornerstone is without adequate remedy at law.

## COUNT II
### Contributory Copyright Infringement

29. Cornerstone re-alleges paragraphs 1 through 24 as though fully set forth herein.

30. Each of Baumgart and Dethmer's personal knowledge of and direction, inducement, causation, or material contribution to infringement of the Copyrighted Work constitutes contributory copyright infringement.

31. By reason of each of Baumgart and Dethmer's acts as above alleged, Cornerstone has suffered and will continue to suffer damage and injury; wherefore, Cornerstone is without adequate remedy at law.

## COUNT III
### Vicarious Copyright Infringement

32. Cornerstone re-alleges paragraphs 1 through 24 as though fully set forth herein.

33. Each of Baumgart and Dethmer's personal control over Lakeland's activities, including its infringement of the Copyrighted Work, and financial benefit from these infringing activities constitutes vicarious copyright infringement.

34. By reason of each of Baumgart and Dethmer's acts as above alleged, Cornerstone has suffered and will continue to suffer damage and injury; wherefore, Cornerstone is without adequate remedy at law.

## COUNT IV
**<u>Breach of Contract</u>**

35. Cornerstone re-alleges paragraphs 1 through 24 as though fully set forth herein.

36. Lakeland's failure to pay for services rendered by Cornerstone under Cornerstone's contract with Lakeland constitutes breach of contract under Illinois law.

37. Lakeland's use of the Copyrighted Work to make additions to the Algonquin Condos or completion of the Algonquin Condos by a party other than Cornerstone constitutes breach of contract under Illinois law.

38. By reason of Lakeland's acts as above alleged, Cornerstone has suffered and will continue to suffer damage and injury; wherefore, Cornerstone is without adequate remedy at law.

WHEREFORE, Cornerstone prays that:

1. Defendants and their officers, agents, servants, employees, attorneys, and all others in active concert and participation with any of them, individually and collectively, be preliminarily and permanently enjoined from infringing the Copyrighted Work in accordance with 17 U.S.C. § 502;

2. Defendants be required to (a) identify each person to whom they distributed Infringing Copies or who they otherwise know or believe may possess copies of such materials; and (b) recall all infringing materials previously disseminated in accordance with 17 U.S.C. § 503;

3. Defendants be required to turn possession over to the Court of all Infringing Copies, as well as all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies were made during the course of this proceeding in accordance with 17 U.S.C. § 503(a);

4. Defendants be required to destroy all Infringing Copies and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced in accordance with 17 U.S.C. § 503(b);

5. Defendants be required to send a letter by certified mail, return receipt requested, in a form approved by Cornerstone, to each of the customers to whom they have sold units in the Algonquin Condos, stating that they have sold Infringing Copies, instructing them not to re-sell these Infringing Copies, and requiring them to transfer ownership of the Infringing Copies back to Defendants at Defendants' expense for further disposition as requested herein;

6. Defendants and their officers, agents, servants, employees, attorneys, and all others in active concert and participation with any of them, individually and collectively be required to supply Cornerstone with complete records concerning any and all transactions relating to the manufacture, distribution, and sale of the Algonquin Condos;

7. Defendants be required to place and pay for corrective advertising to inform their customers and the general public that the Algonquin Condos are infringing, were not the rightful property of Defendant, and to otherwise cure the effects of their infringement;

8. Defendants be required to pay to Cornerstone:

    (a) in accordance with 17 U.S.C. § 504(b), actual damages and profits to Cornerstone;

    (b) in accordance with the common law of contract of the State of Illinois, damages from breach of contract, as well as pre-judgment and post-judgment interest associated with such amount; and

    (c) reasonable attorney's costs and fees; and

9.      Cornerstone be granted such other and further relief as the Court deems just.

          Respectfully submitted,

          PATTISHALL, McAULIFFE, NEWBURY,
            HILLIARD & GERALDSON LLP,


          By: /s/Kristen Knecht_____
              Uli Widmaier
              Kristen S. Knecht
              311 South Wacker Drive
              Suite 5000
              Chicago, Illinois  60606
              (312) 554-8000
              uw@pattishall.com
              ksk@pattishall.com


          Attorneys for Plaintiff,
          Cornerstone Architects, Ltd.

Case 1:07-cv-07043     Document 1     Filed 12/14/2007     Page 8 of 8