## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CORNERSTONE ARCHITECTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Jury Trial Demanded** |
| vs. | ) | |
| | ) | Case No.: 07 C 7043 |
| LAKELAND DEVELOPMENT GROUP, | ) | |
| INC., ERIC W. BAUMGART, and JOHN | ) | |
| E. DETHMER, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT INFRINGEMENT, VICARIOUS COPYRIGHT INFRINGEMENT, AND BREACH OF CONTRACT

Now comes Defendants, LAKELAND DEVELOPMENT GROUP, INC. ("Lakeland"), ERIC W. BAUMGART and JOHN E. DETHMER (collectively "Defendants"), by and through their attorneys, CRISHAM & KUBES, LTD., and for their Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### Parties

1.      Plaintiff, Cornerstone Architects, Ltd., is an Illinois corporation with its principal place of business at 1152 Spring Lake Drive, Itasca, Illinois 60143 (hereinafter "Cornerstone").

**ANSWER:**    On information and belief, defendants state that the allegations of Paragraph 1 are accurate.

2.      On information and belief, Defendant, Lakeland Development Group, Inc., is an Illinois corporation with its principal place of business at 2800 West Higgins, Suite 675, Hoffman Estates, Illinois 60195 (hereinafter "Lakeland").

**ANSWER:**    Defendants state that the allegations in Paragraph 2 are accurate.

3.    On information and belief, defendant, Eric W. Baumgart, is an individual residing at 301 Ridge Road, Barrington, Illinois 60010 (hereinafter "Baumgart").

**ANSWER:**    Defendants state that the allegations of Paragraph 3 are accurate.

4.    On information and belief, Defendant, John E. Dethmer, is an individual residing at 9647 Wooded Path Drive, Palos Hills, Illinois 560465 (hereinafter "Dethmer").

**ANSWER:**    Defendants state that the allegations of Paragraph 4 are accurate.

### Jurisdiction and Venue

5.    This Court has jurisdiction by virtue of the fact that: (1) this is an action arising under the Copyright Laws of the United States, 17 U.S.C. §§501, *et seq.*, jurisdiction being conferred in accordance with 28 U.S.C. §1338; and (2) Plaintiff's state law claims are joined and related pursuant to 28 U.S.C. §1367(a).

**ANSWER:**    Defendants state that the allegations of Paragraph 5 constitute legal conclusions and therefore denies the allegations.

6.    Venue is proper in this District under 28 U.S.C. §1319(b) and (c).

**ANSWER:**    Defendants state that the allegations of Paragraph 6 constitute legal conclusions and therefore denies the allegations.

### Facts

7.    Cornerstone is an architectural firm that creates architectural drawings, elevations, renderings, and other related documents.

**ANSWER:**    On information and belief, Defendants state that Cornerstone is an architectural firm which provides design services.

8.    On information and belief, Lakeland is a business engaged in land acquisition, community planning, land development, and residential design, marketing and construction.

**ANSWER:**    Defendants state that Lakeland is a business engaged community planning and marketing.  Defendants deny the remaining allegations of paragraph 8 of Plaintiff's Complaint.

9.     On information and belief, Baumgart is a registered architect and a principal of Lakeland.

**ANSWER:**     Defendants state that Mr. Baumgart is a licensed architect and the vice president of Lakeland.

10.     On information and belief, Dethmer is a trained architect and a principal of Lakeland.

**ANSWER:**     Defendants state that Mr. Dethmer has a degree in architecture and is the president of Lakeland.

11.     In 2005, Cornerstone contracted with Lakeland for a creation of an exterior building design for a condominium and performing arts center development to be located in Algonquin, Illinois, as well as for creation of the exterior design, interior floor plans, elevations, and computer rendering of a condominium building to be located in Algonquin, Illinois.

**ANSWER:**     Defendants state that Lakeland entered into an agreement with Cornerstone to prepare schematic design for the elevations and footprint of a proposed condominium at Huntington and Route 31 in Algonguin, Illinois on September 7, 2005 (the "Agreement"). The contents of the Agreement speak for itself. To the extent that the allegations of Paragraph 11 conflict with the Agreement, they are denied.

12.     In accordance with its contractual obligations, Cornerstone created plans, elevations and computer renderings for the performing art center. Cornerstone also created a floor plan, elevations, and site plans for the condominium complex to be located in Algonquin, Illinois (the "Copyrighted Work").

**ANSWER:**     Defendants state that Cornerstone prepared a schematic drawing of the north and south elevations titled "Algonquin Condominiums" on October 7, 2005, and an undated schematic drawing of a floor plan ("Schematic Designs"). Defendants deny the remaining allegations of Paragraph 12.

13.     Cornerstone created the Copyrighted Work, which is an original work of authorship.

**ANSWER:**     Defendants state that the allegations of Paragraph 13 constitute legal conclusions and therefore denies the allegations.

14.     Cornerstone's copyright in the Copyrighted Work has been registered with the United States Copyright Office, Certificate No. VAU743859.

**ANSWER:**     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

15.     Cornerstone has not licensed or otherwise authorized anyone to construct buildings based on the Copyrighted Work or to reproduce or create derivatives of the Copyrighted Work.

**ANSWER:**     Defendants state that Lakeland was granted a license to use the Schematic Designs for the proposed project.  Defendants lack sufficient information and belief as to the remaining allegations of Paragraph 15 of Plaintiff's Complaint.

16.     Lakeland's ability to use the Copyrighted Work was and is limited by its contractual obligations to Cornerstone.

**ANSWER:**     Pursuant to the Agreement, Lakeland had license to use the Schematic Designs.  To the extent that the allegations of Paragraph 16 conflict with this answer, they are denied.

17.     To date, Lakeland has not made complete payment to Cornerstone as contractually required.

**ANSWER:**     Defendants deny the allegations of Paragraph 17 of Plaintiff's Complaint.

18.     Lakeland is currently constructing and marketing condominiums (the "Algonquin Condos") that are copies or derivatives of the Copyrighted Work (hereinafter the "Infringing Copies").

**ANSWER:**     Defendants deny the allegations of Paragraph 18 of Plaintiff's Complaint.

19.     On September 5, 2007, Cornerstone sent a letter to Lakeland demanding that Lakeland remedy its breach of contract, cease and desist from infringing the Copyrighted Work, and

provide Cornerstone with a full accounting of its revenues and profits relating to its use of the Copyrighted Work.

**ANSWER:**    Lakeland states it released a letter dated September 5, 2007, the contents thereof speak for themselves.  Defendants deny that they breached the Agreement, that Plaintiff is entitled to an accounting or the Defendants they infringed on Plaintiff's purported Copyrighted Work.

20.    Lakeland has refused to respond to Cornerstone, has not cured its breach of contract, has not ceased its infringing activities in connection with the Copyrighted Work, and has not provided Cornerstone with an accounting of its revenues and profits relating to its use of the Copyrighted Work.

**ANSWER:**    Lakeland denies the allegations of Paragraph 20 of Plaintiff's Complaint.

21.    On information and belief, Baumgart and Dethmer each have and have had knowledge of all of Lakeland's activities, including all of its activities described above.

**ANSWER:**    Messrs. Baumgart and Dethmer state that, as officers of Lakeland, they are aware of Lakeland's activities.  Messrs. Baumgart and Dethmer deny the remaining allegations of Paragraph 21 of the Complaint.

22.    On information and belief, Baumgart and Dethmer each have and continue to personally direct, induce, cause, or materially contribute to all of Lakeland's activities, including all of its activities described above.

**ANSWER:**    Messrs. Baumgart and Dethmer state that, as officers of Lakeland, they manage the operations of Lakeland.  Messrs. Baumgart and Dethmer deny the remaining allegations of Paragraph 22 of the Complaint.

23.    On information and belief, Baumgart and Dethmer each have and have had a direct financial interest in Lakeland's activities, including all of its activities described above.

**ANSWER:**    Messrs. Baumgart and Dethmer state that, as officers of Lakeland, they have a financial interest in Lakeland.  Messrs. Baumgart and Dethmer deny the remaining allegations of Paragraph 23 of the Complaint.

24.    On information and belief, Baumgart and Dethmer each have and have had the right or the ability to supervise and control Lakeland's activities, including all of its activities described above.

**ANSWER:**    Messrs. Baumgart and Dethmer state that, as officers of Lakeland, they supervise Lakeland's activities.  Messrs. Baumgart and Dethmer deny the remaining allegations of Paragraph 24 of the Complaint.

## COUNT I
## Copyright Infringement Under §501 of the United States Copyright Act

25.    Cornerstone re-alleges paragraphs 1 through 24 as though fully set forth herein.

**ANSWER:**    Lakeland realleges and incorporates its answers to Paragraphs 1 through 24 as though fully set forth herein.

26.    Lakeland's unauthorized copying and use of a design identical to or substantially similar with the Copyrighted Work in connection with the Algonquin Condos constitutes copyright infringement of Cornerstone's rights in violation of the Copyright Laws of the United States, 17 U.S.C. §501.

**ANSWER:**    Lakeland denies the allegations of Paragraph 26 of Plaintiff's Complaint.

27.    By reason of Lakeland's acts as above alleged, Cornerstone has suffered and will continue to suffer damage and injury to its business and reputation, and will sustain serious losses of revenues and profits.  Cornerstone has already suffered monetary damages in an indeterminate amount.

**ANSWER:**    Lakeland denies the allegations of Paragraph 27 of Plaintiff's Complaint.

28.    Lakeland's infringement of the Copyrighted Work greatly and irreparably damages Cornerstone and will continue to damage Cornerstone unless restrained by this Court; wherefore, Cornerstone is without adequate remedy at law.

**ANSWER:**    Lakeland denies the allegations of Paragraph 28 of Plaintiff's Complaint.

**WHEREFORE**, the Defendant, LAKELAND DEVELOPMENT GROUP, INC., denies that the plaintiff is entitled to a judgment in any amount whatsoever.

## COUNT II
## Contributory Copyright Infringement

29.     Cornerstone re-alleges paragraph 1 through 24 as though fully set forth herein.

**ANSWER:**     Messrs. Baumgart and Dethmer reallege and incorporate their answers to Paragraphs 1 through 24 as though fully set forth herein.

30.     Each of Baumgart and Dethmer's personal knowledge of and direction, inducement, causation, or material contribution to infringement of the Copyrighted Work constitutes contributory copyright infringement.

**ANSWER:**     Messrs. Baumgart and Dethmer deny the allegations of Paragraph 30 of Plaintiff's Complaint.

31.     By reason of each of Baumgart and Dethmer's acts as above alleged, Cornerstone has suffered and will continue to suffer damage and injury; wherefore, Cornerstone is without adequate remedy at law.

**ANSWER:**     Messrs. Baumgart and Dethmer deny the allegations of Paragraph 31 of Plaintiff's Complaint.

**WHEREFORE**, the Defendants, ERIC W. BAUMGART and JOHN E. DETHMER deny that the plaintiff is entitled to a judgment in any amount whatsoever.

## COUNT III
## Vicarious Copyright Infringement

32.     Cornerstone re-alleges paragraphs 1 through 24 as though fully set forth herein.

**ANSWER:**     Defendants reallege and incorporate their answers to Paragraphs 1 through 24 as though fully set forth herein.

33.     Each of Baumgart and Dethmer's personal control over Lakeland activities, including its infringement of the Copyrighted Work, and financial benefit from these infringing activities constitutes vicarious copyright infringement.

**ANSWER:**     Defendants deny the allegations of Paragraph 33 of Plaintiff's Complaint.

34.     By reason of each of Baumgart and Dethmer's acts as above alleged, Cornerstone has suffered and will continue to suffer damage and injury; wherefore, Cornerstone is without adequate remedy at law.

**ANSWER:**     Defendants deny the allegations of Paragraph 34 of Plaintiff's Complaint.

**WHEREFORE**, the Defendants, Lakeland Development Group, Inc., Eric W. Baumgart and John E. Dethmer deny that the plaintiff is entitled to a judgment in any amount whatsoever.

## COUNT IV
## Breach of Contract

35.     Cornerstone re-alleges paragraphs 1 through 24 as though fully set forth herein.

**ANSWER:**     Lakeland realleges and incorporates its answers to Paragraphs 1 through 24 as though fully set forth herein.

36.     Lakeland's failure to pay for services rendered by Cornerstone under Cornerstone's contract with Lakeland constitutes breach of contract under Illinois law.

**ANSWER:**     Lakeland denies the allegations of Paragraph 36 of Plaintiff's Complaint.

37.     Lakeland's use of the Copyrighted Work to make additions to the Algonquin Condos or completion of the Algonquin Condos by a party other than Cornerstone constitutes breach of contract under Illinois Law.

**ANSWER:**     Lakeland denies the allegations of Paragraph 37 of Plaintiff's Complaint.

38.     By reason of Lakeland's acts as above alleged, Cornerstone has suffered and will continue to suffer damage and injury; wherefore, Cornerstone is without adequate remedy at law.

**ANSWER:**     Lakeland denies the allegations of Paragraph 38 of Plaintiff's Complaint.

**WHEREFORE**, the Defendant, Lakeland Development Group, Inc., denies that the plaintiff is entitled to a judgment in any amount whatsoever.

### JURY DEMAND

The Defendants demand a trial by jury on all claims so triable.

### AFFIRMATIVE DEFENSES

Defendants, LAKELAND DEVELOPMENT GROUP, INC. ("Lakeland"), ERIC W. BAUMGART and JOHN E. DETHMER (collectively "Defendants"), by their attorneys, Crisham & Kubes, Ltd., in the alternative and without prejudice to its denials and the other statements made in their Answer and for its Affirmative Defenses to all claims asserted by Plaintiff, Cornerstone Architects, Ltd. ("Cornerstone"), state as follows:

1.      By virtue of its active participation in the design and its control of the development of the design, Lakeland is a co-owner of the copyright issued to Cornerstone within the meaning of 17 U.S.C.A.§201(a), and therefore, cannot as a matter of law be liable for copyright infringement.

2.      Because Cornerstone omitted material information from its copyright applications which would not have been issued in the current form but for those omissions, copyright registration number VAu 743859 issued to Cornerstone is void and of no legal force or effect, and cannot form the basis of an infringement action.

3.      Lakeland received a license from Cornerstone to use the material allegedly protected by Cornerstone's purported copyright and at all times operated within the limitations of the license.

4.      The designs prepared by Lakeland are not substantially similar to the alleged copyrights held by Cornerstone and, therefore, do not infringe on any common law or statutory copyright Cornerstone may hold.

5.      The alleged infringing elements are not protectible by a copyright, because they consist of utilitarian aspects and design elements conceptually inseparable from utilitarian aspects.

Such elements are uncopyrightable regardless of the form in which they are described, explained, illustrated, or embodied in a work.

WHEREFORE, Defendants, LAKELAND DEVELOPMENT GROUP, INC., ERIC W. BAUMGART and JOHN E. DETHMER pray that Plaintiff, Cornerstone Architects, Ltd., be barred from any recovery in any sum whatsoever.

Respectfully submitted,

CRISHAM & KUBES, LTD.

By: /s/ Edward Fitzsimmons Dunne
        Jeffrey T. Kubes (ARDC 6180307)
        Edward Fitzsimmons Dunne (ARDC 6224845)
        30 North LaSalle Street, Suite 2800
        Chicago, Illinois 60602
        312.327.2500
        Jkubes@crishamlaw.com
        Edunne@crishamlaw.com

Attorneys for Defendants, LAKELAND DEVELOPMENT GROUP, INC., ERIC W. BAUMGART and JOHN E. DETHMER